UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEE OLLIE WELLS,

    Petitioner,

-vs-                                          Case No. 8:11-CV-766-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases (2011), and concludes that the petition is subject to summary dismissal as time barred under 28 U.S.C. § 2244(d). *See Day v. McDonough,* 126 S.Ct. 1675, 1684 (2006) (district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions). *See also Jackson v. Sec. for the Dep't of Corrs.,* 292 F.3d 1347, 1348-49 (11th Cir. 2002) (before addressing the merits of a state prisoner's request for federal habeas relief, a district court may determine whether the petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"))

The AEDPA created a limitations period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for

a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction was final on August 6, 1997,[1] and the limitation period expired one year later, absent tolling pursuant to 28 U.S.C. § 2244(d)(2). Petitioner filed a motion to correct sentencing error pursuant to Fla. R. Crim. P., Rule 3.172(b) on February 22, 2007 (Dkt. 1-1; Dkt. 1-2 at p. 1). The motion, however, was filed beyond the August 6, 1998 federal limitation deadline. As a consequence, the motion, and any subsequent post-conviction motions, did not toll the federal limitation period. "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). Thus, after his conviction was final, 4987 days of untolled time passed before Petitioner filed his federal habeas petition on April 2, 2011 (Dkt. 1 at pg. 1). Consequently, Petitioner's federal habeas petition is untimely.

---

[1]According to Petitioner's petition, he did not appeal his judgment of conviction (Dkt. 1 at pg. 2). Therefore, his conviction became final on July 30, 2007 (July 28, 2007 was a Saturday), thirty days after his sentencing on June 28, 2007. *See Gust v. State*, 535 So. 2d 642, 643 (Fla. 1st DCA 1988) (holding that when a defendant does not appeal his conviction or sentence, the judgment and sentence become final when the thirty-day time period for filing an appeal expires).

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). *See also, Holland v. Florida*, 130 S. Court. 2549, 2562 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation and internal quotations omitted).

In the instant case, Petitioner appears to assert in his petition that he is entitled to equitable tolling because "if known [sic] back then what I know now, I would have appealed the case" (Dkt. 1 at pg. 6). Thus, Petitioner apparently argues that his ignorance of the law justifies equitable tolling. Ignorance of the law, however, does not entitle him to equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("We have held that neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable [habeas] filing period merits equitable tolling. . . . It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason."); *Malone v. Oklahoma*, 100 Fed. Appx. 795, 798 (10th Cir. 2004) (unpublished opinion) (stating that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing).

Petitioner has not shown that there were extraordinary circumstances that were both beyond his control and unavoidable with diligence that prevented timely filing of his federal

habeas petition. Therefore, he is not entitled to equitable tolling. Consequently, the petition must be dismissed as time-barred.

Accordingly, the Court **ORDERS** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred.

2. The **Clerk** shall terminate any pending motions and close this case.

3. If Petitioner can show by record evidence that his petition is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion on or before **May 10, 2011.**

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S.

at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on April 13, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*