UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEE OLLIE WELLS,

    Petitioner,

-vs-                                              Case No.  8:11-CV-766-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Before the Court is Petitioner's "Motion to Relate Back" (Dkt. 3) which the Court construes as a motion pursuant to Federal Rules of Civil Procedure, Rule 60(b) for relief from the Court's April 13, 2011 order dismissing Petitioner's petition for writ of habeas corpus at time-barred (see Dkt. 2).

Rule 60(b) provides the following grounds for relief:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively

    is no longer equitable; or

    (6) any other reason that justifies relief.

To demonstrate entitlement to relief, Petitioner must "demonstrate a justification so compelling that the court [is] required to vacate its order." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993).

    Petitioner's motion has no merit. His petition for writ of habeas corpus is clearly time-barred. His motion does not demonstrate compelling circumstances justifying relief from the Court's order dismissing his petition for writ of habeas corpus. Thus, his motion must be denied.

    ACCORDINGLY, the Court **ORDERS** that Petitioner's construed Rule 60(b) motion (Dkt. 3) is **DENIED**. To the extent that a certificate of appealability is required before Petitioner may appeal, the Court will deny the certificate because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

    **DONE** and **ORDERED** in Tampa, Florida on June 16, 2011.

                                    JAMES S. MOODY, JR.
                                    UNITED STATES DISTRICT JUDGE

SA: sfc
<u>Copy furnished to</u>:
*Pro Se* Petitioner